**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

RONALD ROBINSON,

|                          | Plaintiff,                | 9:23-cv-1388 |
|---|---|---|
|                          |                           | (ECC/PJE)    |

v.

DETECTIVE BOIL, et al.,

Defendants.

---

**Appearances:**

Ronald Robinson, *Pro Se Plaintiff*
Paul Lyons, Esq., *for Defendants*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.      INTRODUCTION**

Plaintiff Ronald Robinson commenced this civil rights action under 42 U.S.C. § 1983 asserting claims for the violation of his constitutional rights arising between 2021 and 2023, while he was a free citizen and during his confinement as a pretrial detainee at Jefferson County Jail. Dkt. No. 1.  On April 23, 2025, Defendants Officer Locy and Detective Vaughn filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56(a), seeking dismissal of Plaintiff's claims against them.  Dkt. No. 54.  This matter was assigned to United States Magistrate Judge Paul J. Evangelista, who issued a Report-Recommendation on February 10, 2026, recommending that Officer Locy and Detective Vaughn's motion be granted in part and denied in part.  Dkt. No. 73. Magistrate Judge Evangelista advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections, and that the failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 33.  Officer Locy

filed timely objections on March 7, 2026.  Dkt. No. 77.  For the reasons set forth below, the Court

rejects that portion of Magistrate Judge Evangelista's Report-Recommendation denying summary

judgment to Officer Locy on Plaintiff's excessive force claim.  The Court otherwise adopts the

remainder of Magistrate Judge Evangelista's Report-Recommendation granting Officer Locy and

Detective Vaughn's motion for summary judgment.

## II.      STANDARD OF REVIEW

This Court reviews de novo those portions of the Magistrate Judge's findings and

recommendations that have been properly preserved with a specific objection.  *Petersen v. Astrue*,

2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  "A proper objection is

one that identifies the specific portions of the [report-recommendation] that the objector asserts

are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F.

Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted).  Properly raised objections

must be "specific and clearly aimed at particular findings" in the report.  *Molefe v. KLM Royal

Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).  "[E]ven a pro se party's objections to

a Report and Recommendation must be specific and clearly aimed at particular findings in the

magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2

(S.D.N.Y. Aug. 25, 2011) (citation omitted).  Findings and recommendations as to which there

was no properly preserved objection are reviewed for clear error.  *Id.*

## III.     DISCUSSION

Officer Locy objects to Magistrate Judge Evangelista's determination that summary

judgment is not warranted on Plaintiff's Fourteenth Amendment excessive force claim against

him.  Dkt. No. 77 at 3-5.  Specifically, Officer Locy contends that Magistrate Judge Evangelista

failed to properly consider whether Plaintiff can maintain an excessive force claim viewing the

facts in the light most favorable to the non-moving party. *Id*.

To succeed in an excessive force claim under the Fourteenth Amendment, a pretrial detainee must first show that the defendant used force "purposefully, knowingly, or (perhaps) recklessly." *Edrei v. Maguire*, 892 F.3d 525, 534 (2d Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 395-96 (2015)). This is because "accidental or negligent acts are not subject to Fourteenth Amendment liability." *Id*.

A pretrial detainee must then show that "the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. at 397. "A court (judge or jury) cannot apply this standard mechanically. Rather, objective reasonableness turns on the 'facts and circumstances of each particular case.'" *Id*. (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)) (internal citation omitted). The determination whether given conduct was objectively reasonable must be made by the court "from the perspective of a reasonable officer on the scene," accounting for the "legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained . . . ." *Id*. (quoting *Bell v. Wolfish*, 441 U.S. 520, 540 (1979)).  The Supreme Court has identified six non-exhaustive considerations that "may bear on the reasonableness or unreasonableness of the force used: [(1)] the relationship between the need for the use of force and the amount of force used; [(2)] the extent of the plaintiff's injury; [(3)] any effort made by the officer to temper or to limit the amount of force; [(4)] the severity of the security problem at issue; [(5)] the threat reasonably perceived by the officer; [(6)] and whether the plaintiff was actively resisting." *Kingsley*, 576 U.S. at 397.

Here, Officer Locy is entitled to summary judgment if Plaintiff's contentions, fully credited, fail to establish a constitutional violation.  Viewing the facts in the light most favorable to Plaintiff, Officer Locy was conducting "meal pass-out" on Plaintiff's unit at Jefferson County

Jail on February 21, 2023.  Dkt. No. 54-8 at 27.  Plaintiff and another incarcerated individual, Housery Rodriguez, were housed in adjacent, segregated cells on the unit.  *Id.* at 27-28.  Plaintiff was in segregated custody because he suffered from rib pain due to a prior injury, and he was afraid for his safety.  *Id.* at 20-21.  Rodriguez was in segregated custody due to safety issues and had been placed in "cell moving restraints [after] being caught with a make[shift] jail shank."  Dkt. No. 1 at 12.  As Officer Locy moved down the unit to collect dinner trays, he passed over Plaintiff's cell and went to Rodriguez's cell.  Dkt. No. 54-8 at 27-28.  Officer Locy opened Rodriguez's cell "with his key, left it unsecured, came over to [Plaintiff's] cell, opened [Plaintiff's] cell," and asked Plaintiff if he wanted extra juice.  *Id.*  Plaintiff replied no, and as he went to put his tray on the meal cart, Plaintiff was attacked by Rodriguez.  *Id.*  Rodriguez "ran into [Plaintiff's] segregated unit area in a boxer stance and threw punches."  *Id.* at 30.  Plaintiff still had the dinner tray in his hands, and "shot the tray" at Rodriguez.  *Id.* at 33.  Officer Locy, who was "standing right there," did not "do anything to [Rodriguez,] who was out of place in somebody else's segregation cell."  *Id.* at 31.  However, Officer Locy "back-arm elbow punched"[1] Plaintiff in the upper chest area, causing Plaintiff to hit a door or kiosk component.  *Id.* at 31-32.  Plaintiff "heard a snap" and experienced "sharp pain" in his ribs.  *Id.* at 32.  Rodriguez walked back to his cell, "laughing and smiling," and after both Plaintiff and Rodriguez were secured in their cells other corrections officers arrived to the incident.  *Id.* at 32.

As an initial matter, the Court agrees with Magistrate Judge Evangelista's finding that Plaintiff has failed to substantiate his conclusory allegations that Officer Locy intentionally opened Rodriguez's cell door in a premeditated effort to incite an assault on Plaintiff.  Dkt. No. 73 at 23-

---

[1] In his Complaint, Plaintiff described the incident as "Officer Locy back handed me with his elbow and arm in my chest and rib cage area violently into the wall."  Dkt. No. 1 at 13.

26. Thus, while the parties dispute how Rodriguez was ultimately able to get out of his cell, there is nothing in the record beyond Plaintiff's unsupported beliefs to suggest that it was the result of Officer Locy's intent to incite an inmate altercation. These conclusory beliefs, refuted by sworn affidavits and documentary evidence, fail to establish a genuine dispute of material fact on this issue.

Crediting Plaintiff's version of the underlying incident, the inquiry is whether Officer Locy purposefully used objectively unreasonable force to intercede in an inmate-on-inmate physical altercation. With respect to the first prong, for purposes of this motion the Court finds that Officer Locy used force purposefully to the extent he intended that his elbow/arm make contact with Plaintiff.

Accordingly, the Court turns to the relevant factors to assess whether the force Officer Locy used was objectively unreasonable. As far as the "the relationship between the need for the use of force and the amount of force used," *Kingsley*, 576 U.S. at 397, it is undisputed that Officer Locy acted in response to a fight between inmates. Corrections officers receive "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Whitley v. Albers*, 475 U.S. 312, 321-22, (1986) (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)). This "deference extends to a prison security measure taken in response to an actual confrontation," and "requires that neither judge nor jury freely substitute their judgment for that of officials who have made a considered choice." *Id*. at 322; *see also Winters v. United States*, No. 10 Civ. 7571, 2013 WL 1627950, at *6 (S.D.N.Y. Apr. 16, 2013) ("As courts in this Circuit have held, corrections officers responding to prison fights act with discretion based upon their judgment and experience."); *Kalwasinski v. Artuz*, No. 02-cv-2582, 2003 WL 22973420, at *4 (S.D.N.Y. Dec. 18, 2003)

("[P]rison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." (quotation omitted)). "It is beyond dispute that 'attempting to stop an inmate fight . . . is a legitimate governmental objective for a [Corrections] Officer.'" *Barnes v. Harling*, 368 F. Supp. 3d 573, 593 (W.D.N.Y. 2019) (quoting *Vargas v. N.Y.C. Dep't of Corr.*, No. 17 Civ. 2544, 2018 WL 3392873, at *3 (S.D.N.Y. July 12, 2018)). Accordingly, this factor weighs in favor of finding that the force used by Officer Locy was reasonable under the circumstances.

With respect to the extent of Plaintiff's injuries, Plaintiff contends that the force of Officer Locy's contact caused Plaintiff to hit the door or wall, which resulted in Plaintiff's ribs "cracking." The medical evidence of record includes a March 2023 radiology report observing that Plaintiff had healing rib fractures. Dkt. No. 54-5 at 58. To be sure, such injuries, if proven, amount to more than de minimis for purposes of an excessive force analysis. However, if the force causing these injuries was "applied in a good-faith effort to maintain or restore discipline, it is unlikely to be repugnant to the conscience of mankind, and will not amount to excessive force under Second Circuit law." *Adilovic v. Cnty. of Westchester*, No. 08-cv-10971, 2011 WL 2893101, at *6 n. 12 (S.D.N.Y. July 14, 2011) (internal citation omitted) (quoting *Sims v. Artuz*, 230 F.3d 14, 21 (2d Cir. 2000)); *accord Berry v. City of N.Y. Dept. of Corr.*, No. 12 Civ. 7819, 2014 WL 2158518, at *1 (S.D.N.Y. May 22, 2014), *aff'd sub nom. Berry v. New York City Dep't of Correction*, 622 F. App'x 10 (2d Cir. 2015); *see also Bongiorno v. Perilli,* 537 F. Supp. 3d 367, 377 (N.D.N.Y. 2021) (collecting cases in parallel Fourth Amendment excessive-force context finding officer's conduct in effecting arrest to be reasonable under those circumstances, notwithstanding the resulting serious injuries to the plaintiffs).

Consideration of the remaining factors compels a finding that the amount of force used was nonetheless proportional to the threat even if it resulted in Plaintiff's alleged injury. Importantly, Plaintiff concedes that he participated in the fight to the extent he (at a minimum) threw a dinner tray at Rodriguez. Thus, the record according to Plaintiff reflects that Officer Locy was alone on the unit, positioned between two inmates engaged in a physical altercation with each other. The security problem at issue, a fight between two prison inmates, is undisputedly serious. *Barnes*, 368 F. Supp. 3d at 594 ("It is well established that an actual confrontation between prison inmates is a serious security problem that corrections officers receive 'wide-ranging deference' to address.").

Finally, the facts according to Plaintiff establish that Officer Locy made an effort to limit the amount of force used, to the extent that once Plaintiff was back in his cell, Officer Locy secured Plaintiff's' cell door and the use of force ceased. Plaintiff does not directly dispute Officer Locy's contention that Plaintiff was actively resisting and still attempting to strike Rodriguez at this point. Moreover, Plaintiff acknowledges that his injuries occurred because Officer Locy was attempting to redirect Plaintiff back into his cell. Dkt. No. 54-8 at 31, 44.

Viewing the facts in the light most favorable to Plaintiff, a reasonable trier of fact could only find that no excessive force was used by Officer Locy in intervening in the fight between Plaintiff and Rodriguez. Accordingly, summary judgment is warranted on this claim, and Magistrate Judge Evangelista's recommendation is rejected to this extent.

Defendant Locy further objects to Magistrate Judge Evangelista's determination that he is not entitled to qualified immunity. Dkt. No. 77 at 5-7. The Court agrees that, even if a reasonable jury credited Plaintiff's version of the facts to find that Officer Locy violated the Fourteenth Amendment by using excessive force, he would still be entitled to summary judgment because he

7

did not violate a clearly established right.

Qualified immunity "shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Ross v. Willis*, No. 16 Civ. 6704, 2021 WL 3500163, at *10 (S.D.N.Y. Aug. 9, 2021) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). "Its purpose is to 'give government officials breathing room to make reasonable but mistaken judgments' and to protect 'all but the plainly incompetent or those who knowingly violate the law.'" *Id*. at *10 (quoting *City & Cnty. of San Francisco v. Sheehan*, 575 U.S. 600, 611 (2015)).

"A constitutional right was clearly established if, at the time of the officer's conduct, 'the law was sufficiently clear that every reasonable official would understand that what he is doing is unlawful.'" *Ross*, 2021 WL 3500163, at *10 (quoting *Dist. of Columbia v. Wesby*, 538 U.S. 48, 63 (2018)). The Supreme Court has "repeatedly stressed that courts must not define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Wesby*, 538 U.S. at 63-64 (internal quotation marks and citation omitted). "Although a 'case directly on point' is not required, 'existing precedent must have placed the statutory or constitutional question beyond debate.'" *Ross*, 2021 WL 3500163, at *10 (quoting *Fabrikant v. French*, 691 F.3d 193, 213 (2d Cir. 2012)). "This demanding standard protects all but the plainly incompetent or those who knowingly violate the law." *Id*. (quotation omitted).

Summary judgment should be granted on the basis of qualified immunity only if "no reasonable jury, looking at the evidence in the light most favorable to, and drawing all inferences most favorable to, the plaintiff, could conclude that it was objectively reasonable for the defendant to believe that he was acting in a fashion that did not clearly violate an established federally

8

protected right." *Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir. 1995) (quoting *Robison v. Via*, 821 F.2d 913, 921 (2d Cir. 1987)).

Here, viewing the evidence in the light most favorable to Plaintiff, Officer Locy was the sole corrections officer on a prison unit when he found himself in the middle of an inmate-on-inmate physical altercation. At that point, in an undisputed effort to redirect Plaintiff – who was actively participating in the fight – back into his cell, Officer Locy applied one "elbow-punch" to Plaintiff's chest, successfully placing him back into his cell. Officer Locy did not engage in any additional use of force beyond the single "elbow-punch." To be sure, the Second Circuit has stated that "the use of entirely gratuitous force is unreasonable and therefore excessive[.]" *Tracy*, 623 F.3d at 99 n.5 (finding that "no reasonable officer could have believed that he was entitled to use pepper spray gratuitously against a restrained and unresisting arrestee"); *Ben-Reuben v. Westchester County*, No. 17 Civ. 9156, 2019 WL 1406868, at *4 (S.D.N.Y. Mar. 28, 2019) (declining to dismiss an excessive force claim based on an alleged slap where the court could not determine the extent of the injuries from the complaint, and because the alleged use of force was "entirely gratuitous"). However, the facts viewed in the light most favorable to Plaintiff establish that Officer Locy's use of force was not gratuitous, but a limited effort to restore order in a situation that posed a safety risk to Officer Locy as well as other inmates, including Plaintiff. Plaintiff has pointed to no authority suggesting that the application of such non-deadly force to regain control of a violent situation in a prison constitutes unconstitutionally excessive force.

Because there is no version of the underlying events, including Plaintiff's, in which Officer Locy violated a clearly established right, he is entitled to qualified immunity on Plaintiff's excessive force claim, and Magistrate Judge Evangelista's recommendation is rejected as to this extent.

The Court otherwise reviews the remainder of the Report-Recommendation for clear error and, having found none, adopts the remainder of the Report-Recommendation in its entirety.

## IV.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Evangelista's Report-Recommendation, Dkt. No. 73, is **ADOPTED in part** and **REJECTED in part**; and it is further

**ORDERED** that Defendants Locy and Vaughn's motion for summary judgment, Dkt. No. 54, is **GRANTED,** and Plaintiff's claims against these Defendants are **DISMISSED with prejudice**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 24, 2026

Elizabeth C. Coombe
U.S. District Judge